HENRY J. HURDY, PLAINTIFF-RESPONDENT, v. MICHAEL A. RUSSO, JR., MICHAEL A. RUSSO, SR., AND FLORENCE RUSSO, HIS WIFE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 10, 1972—Decided January 25, 1972.

Before Judges COLLESTER, MINTZ and LYNCH.

*Mr. William B. Kaufman* argued the cause for appellants (*Messrs. Kaufman and Kaufman,* attorneys; *Mr. Meyer L. Rosenthal* on the brief).

*Mr. Hyman Stern* argued the cause for respondent.

PER CURIAM. Plaintiff holds bonds which were secured by second mortgages on realty; defendants are obligors on the bonds (defendant Michael A. Russo, Jr. having been the actual mortgagor). After foreclosure of the first mortgage and purchase of the property by the first mortgagee at the sheriff's sale, plaintiff brought suit on his bonds and was granted a summary judgment below. Defendants appeal, contending that they should have been allowed (under *N. J. S. A.* 2A:50-3) to prove the fair market value of the property originally covered by the mortgages, and to deduct said value from the balance due plaintiff.

We find defendants' argument to be without merit. *N. J. S. A.* 2A:50-8, under which this case properly arises, does not contain the deduction provisions for market value contained in *N. J. S. A.* 2A:50-3. Where, as here, plaintiff's security is extinguished by the foreclosure of a prior mortgage, he cannot look to the collateral for satisfaction of his

debt, simply because there is none. Summary judgment was properly granted. *Court Investment Co. v. Spatola,* 136 *N. J. L.* 519 (E. & A. 1947); *Hillside National Bank v. Silverman,* 116 *N. J. Eq.* 463 (Ch. 1934).

Affirmed.